**Paul Alexander BLAIS,
et al., Plaintiffs,**

v.

**ISLAMIC REPUBLIC OF IRAN,
et al., Defendants.**

**Civil Action No. 02–285 (RCL).**

United States District Court,
District of Columbia.

July 22, 2008.

Joshua M. Ambush, Law Offices Joshua M. Ambush, LLC, Baltimore, MD, Paul Gaston, Law Offices of Paul G. Gaston, Washington, DC, for Plaintiffs.

## MEMORANDUM OPINION

ROYCE C. LAMBERTH, Chief Judge.

Presently before the Court is plaintiffs' Motion [47] for Supplemental Relief seeking entry of a judgment for punitive damages against defendants the Islamic Republic of Iran, the Iranian Ministry of Intelligence and Security ("MOIS"), and the Iranian Islamic Revolutionary Guard Corps ("IRGC"), jointly and severally, in the amount of $500,000,000. The motion seeks to amend this Court's September 29, 2006 Judgment entered in favor of plaintiffs. (*See* Docket Entry # 43.) At the time this Court issued its Final Judgment in this action, it denied plaintiffs' claims against MOIS and IRGC for punitive dam-

---

ages.[1]    Plaintiffs' current motion relies upon Section 1083 of the recently enacted National Defense Authorization Act for Fiscal Year 2008 (the "NDAA"), Pub.L. No. 110–181, 122 Stat. 3, as signed by the President and enacted into law on January 28, 2008. Section 1083(a) revised the Foreign Sovereign Immunity Act's ("FSIA"), terrorism exception by repealing § 1605(a)(7) of Title 28 of the United States Code and enacting a new section to be codified at § 1605A of the same title. Section 1605A creates a private, federal cause of action against a foreign state that is or was a state sponsor of terrorism, and provides, *inter alia,* that punitive damages may be awarded. *See* 28 U.S.C § 1605A(c).

Section 1083(c) of the NDAA, which is titled "Application to Pending Cases," provides that upon motion made by plaintiffs, the amendments to the FSIA made by section 1083 shall apply to any action that (1) was brought under § 1605(a)(7) before January 28, 2008; (2) relied upon that provision as creating a cause of action; (3) has been adversely affected on grounds that § 1605(a)(7) fails to create a cause of action against the foreign state; and (4) as of the date of enactment (January 28, 2008), is before the courts in any form, including on appeal or motion under rule 60(b) of the Federal Rules of Civil Procedure. *See* Pub.L. No. 110–181, 122 Stat. 3, § 1083(c)(2)(A); *see also Simon v. Republic of Iraq,* 529 F.3d 1187, 1192 (D.C.Cir. 2008) (recognizing that section 1083(c) sets forth the circumstances upon which plaintiffs with pending cases may invoke § 1605A). Thus, plaintiffs' motion for relief under section 1083(c) should be granted only if the action meets each of the four requirements set forth in that provision.

Plaintiffs' motion does not satisfy the fourth requirement of section 1083(c)(2)(A)—that the action was "before

the courts in any form" as of January 28, 2008. This Court entered a final judgment in favor of plaintiffs on September 29, 2006. The Judgment was not appealed and there were no pending motions before the Court as of January 28, 2008. Nonetheless, plaintiffs assert that this action was before the court as of that date as plaintiffs pursue attachment in aid of execution and execution of the September 29, 2006 Judgment. As Judge Kollar–Kotelly of this Court stated in circumstances nearly identical to those presented here, the suggestion that a case is "before the court" due to the mere possibility of filing an attachment or executing the judgment, "is inconsistent with the statutory language that requires the case to be before the Court as of January 28, 2008." *Holland v. Islamic Republic of Iran,* 545 F.Supp.2d 120, 121–22 (D.D.C.2008) (Kollar–Kotelly, J.). Accordingly, the instant action was not "before the courts in any form" as of the NDAA's date of enactment, and therefore plaintiffs' motion for supplemental relief pursuant to section 1083(c) shall be denied.

A separate order shall issue this date.

SO ORDERED.

---

**1.** Plaintiffs' Third Amended Complaint did not    state a punitive damages claim against Iran.